## STATE OF INDIANA, EX REL. HANSEN ET AL. *v.* RAINFORD, TRUSTEE.

[No. 8,566. Filed April 30, 1914.]

1. APPEAL.—*Briefs.—Failure to Comply With Rule.—Affirmance.—* Under the requirement of Rule 22 that appellant's brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, together with the authorities relied on in support of them, the setting out of various sections of the statute and the citation of legal propositions, without effort to number or set them out separately, or to show their application to the questions involved, is not a sufficient compliance with the rule to present anything for review, and requires an affirmance of the judgment. p. 205.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by the State of Indiana, on the relation of Charles Hansen and others, against Walter A. Rainford, Trustee of Lake Township, Newton County. From a judgment for defendant, the relator appeals. *Affirmed.*

*T. B. Cunningham* and *John Cartwright,* for appellant.

*H. L. Sammons, E. B. Sellers* and *R. C. Pollard,* for appellee.

SHEA, P. J.—This was an action to enjoin the township trustee of Lake Township, Newton County, Indiana, from issuing bonds to erect a schoolhouse in that township.

Appellant's brief is criticised as not conforming to Rule 22 of this court. The rule requires that appellant shall state the nature of the action. Under the heading "statement of case" appellant says that the action is to enjoin the township trustee from issuing bonds to pay for the erection of a schoolhouse, and then sets out the complaint.

Under the requirement of the rule that the appellant shall state "what the issues were", it is stated in appellant's brief that the "issues of the case were formed by the defendant filing an answer in general denial." In response to the requirement of the rule that appellant shall state how the issues were decided, appellant sets out the judgment rendered by the court. The rule requires a "statement of the record". In response to this requirement appellant sets out what is called "Narrative of the Evidence" in which is set out some documentary evidence, with some parts of the evidence in narrative form interspersed with appellant's conclusions as to what the evidence shows.

Rule 22 contains the further provision: "Following this statement, the brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on in support of them." There has been a complete

failure to properly comply with this provision of the rule. Under the heading entitled ''Propositions of Law'' various sections of the statute are set out, and various legal propositions are cited, but no effort is made to number or set them out separately, or make any application of the points to the questions involved in the case at issue. The failure to properly set out the points and authorities as above stated can not be overlooked by the court.

The judgment of the lower court is therefore affirmed.

NOTE.—Reported in 105 N. E. 57. See, also, 2 Cyc. 1013.